# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 18-MJ-223 CJW |
| vs. | **ORDER** |
| GUILHERME ALVES DE MELO, | |
| Defendant. | |

This matter is before the Court on defendant's motion to reconsider whether there is reasonable cause to believe defendant is not competent to stand trial. The Court granted defendant's unresisted motion to reopen the evidence on this issue (Doc. 27), and on this date held an evidentiary hearing during which defendant called Dr. Paul Eggerman and the government called Special Agent Christopher Cantrell to testify. The Court also admitted into evidence defendant's exhibits A through L.

For the reasons more fully stated on the record during the hearing, the Court finds that there is not currently reasonable grounds to believe defendant is not competent to stand trial. The Court's conclusion is based on the totality of the evidence, which includes Dr. Eggerman's expert opinion that defendant is competent to stand trial, the medical records from Mercy Medical Center pertaining to defendant's care there, the records from the Linn County Correctional Center, and exhibits that reflect statements from defendant and his mother that defendant has no history of mental illness, and statements from defendant's ex-girlfriend and friends in Florida that reasonably imply that defendant does not have a history of displaying mental illness. The Court also weighs heavily the absence of any evidence since July 3, 2018, (the date of the Court's

1

prior order on this matter), showing that defendant has exhibited any signs or symptoms of mental illness.  During this entire time period, defendant has been incarcerated and there was no evidence that any other inmates or jail personnel observed the defendant behaving in a manner consistent with any mental illness.  Finally, the Court relied on its own observation of defendant throughout this hearing, this latest hearing lasting an hour and a half, during which defendant at all times acted and responded to the Court completely appropriately, exhibited every indication that he understood the proceedings, and displayed no conduct, sounds, or expressions that would be consistent with mental illness or a failure to understand the proceedings.

Accordingly, the Court **reverses** its prior ruling (Doc. 15), finds there is not reasonable cause to believe defendant is currently not competent to stand trial, and therefore **rescinds** its order for a psychiatric examination.  The Court trusts that defense counsel, as an officer of the Court and the person most in contact with defendant, will alert the Court immediately if defendant exhibits any indication that he is suffering from any mental illness suggesting that he may not be competent to stand trial.

**IT IS SO ORDERED** this 25th day of July, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa